JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAIR GOLAN, an individual; GIDON ZAFT, an individual; ROYAL MOROCCAN, CORP. a Florida corporation; Y.P. GOLAN TRADE, LTD. an Israeli entity; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE No. CV 11-01974 SJO (JEMx)<br><br>**FINAL JUDGMENT** |
| AND RELATED ACTIONS | |

2522.107\9834

[PROPOSED] FINAL JUDGMENT

On September 26, 2012 the Court granted the Motion for Summary Judgment of Plaintiff Moroccanoil, Inc. ("Moroccanoil") of Defendant Y.P. Golan Trade, Ltd.'s ("YPGT") counterclaims.

Moroccanoil, YPGT and Defendant Yair Golan ("Golan) (collectively the "Parties"), have entered into a Settlement Agreement in this case.

The Parties submitted a Stipulation requesting the entry of a Final Judgment on all of YPGT's counterclaims based on the Court's granting of Moroccanoil's Motion for Summary Judgment and a dismissal of all remaining claims with prejudice.

ACCORDINGLY, IT IS ORDERED AND ADJUDICATED THAT:

1. Based on the Court's September 26, 2012 Order, YPGT's Counterclaims seeking the cancelation of Moroccanoil's registered trademarks on the basis of (1) Descriptiveness, (2) Geographic Descriptiveness, (3) Geographic Misdescriptiveness, and (4) Fraud are all dismissed with prejudice, YPGT shall take nothing, and Moroccanoil shall have judgment against YPGT on all counterclaims;

2. Based on the Settlement Agreement and Stipulation between the Parties, all remaining claims between the Parties in this matter are hereby dismissed with prejudice;

3. Each Party shall bear their own costs and fees;

4. This Court shall retain exclusive jurisdiction to hear and determine disputes arising out of or relating to the Parties' Settlement Agreement. In such disputes the following shall apply:

1        A.    The Parties waive any right to a formal evidentiary proceeding in any action brought before the Court concerning a breach of the Settlement Agreement;

      B.    The Court may specifically enforce the Settlement Agreement with injunctive relief and specific enforcement as well as monetary in the amount of $50,000 per breach in circumstances where the amount of the damages are uncertain and in lieu of a party proving its damages;

      C.    In any action or dispute arising out of or relating to the making, performance or interpretation of the Settlement Agreement, the prevailing party will be entitled to an award of reasonable attorney's fees, expert fees, and expenses, all as an award of post-judgment costs; and

      D.    The Parties waive all rights to appeal from any determination made by the Court in any action or dispute arising out of or relating to the making, performance or interpretation of the Settlement Agreement.

DATED: November 19, 2012

*S. James Otero* (signature)

11/21/12

_____
Hon. S. James Otero

Submitted by:

CONKLE, KREMER & ENGEL
Professional Law Corporation
Kevin R. Keegan

      s/William C. Conkle/s
By   William C. Conkle
      Attorneys for Plaintiff
      Moroccanoil. Inc.

2522.107\9834

-2-
[PROPOSED] FINAL JUDGMENT